UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————

ADA WEIER, individually and as
Personal Representative of the
Estate of GREGORY WEIER,

      Plaintiff,

v.                                                                                          Case No. 1:05-CV-420

UNITED RENTALS (NORTH                                          HON. GORDON J. QUIST
AMERICA), INC. and BRODERSON
MANUFACTURING CORP.,

      Defendants.
_____/

## MEMORANDUM ORDER

The Court has before it Plaintiff's Rule 60(b) motion for relief from the Court's December 11, 2006, Order granting summary to Defendant, United Rentals (North America), Inc. ("United"). The case is currently on appeal to the United States Court of Appeals for the Sixth Circuit. As a general rule, a district court loses jurisdiction over a case upon the filing of a notice of appeal. *See Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). There are a few exceptions to this rule, but none of them apply in this case. However, the Sixth Circuit has authorized a procedure for filing a Rule 60(b) motion in the district court in order to allow the district court to provisionally rule upon the motion. *See First National Bank v. Hirsch*, 535 F.2d 343 (6th Cir. 1976). Under that procedure, the party seeking relief pursuant to Rule 60(b) must file the motion in the district court, and if the district court issues an order stating that it is disposed to grant the motion, the moving party may file a motion to remand in the court of appeals in order to allow the district court to rule on the motion.

*See id.* at 346; *Post v. Bradshaw*, 422 F.3d 419, 422 (6th Cir. 2005) (discussing the *Hirsch* procedure). Although Plaintiff does not refer to the *Hirsch* procedure in her motion or brief, the Court will construe her motion as a request for the Court to indicate whether it would be disposed to grant a Rule 60(b) motion pursuant to *Hirsch*. For the reasons set forth below, the Court indicates that it would not grant such a motion. For purposes of the Court's analysis, familiarity with the Court's prior opinions and orders in this case will be presumed.

Plaintiff contends that her motion would be premised upon Rule 60(b)(2) and (5). Rule 60(b)(2) provides that a court may relieve a party from a final judgment for "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60(b)(3) provides for relief from judgment based upon "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."

The Court granted United's motion for summary judgment on December 11, 2006. Regarding Plaintiff's negligence claim, the Court held that United had no duty to Plaintiff's decedent, Gregory Weier ("Weier"), to provide a crane with a load limiting device, to inquire regarding the specific use of the crane, or to ensure that Weier knew how to operate the crane. The Court's conclusion of no duty was based upon the following considerations: (1) Weier had extensive experience in operating cranes in maritime construction projects, and he was not a one-time renter of a crane as envisioned by Plaintiff's expert; (2) Weier and his employer, UCC, were required to comply with the manufacturer's specifications and not operate the crane in an overloaded condition (which Plaintiff cannot dispute was the case); (3) Weier was aware of the precise conditions under which the crane would be used, whereas United was not aware of those conditions; and (4) Weier

was aware, or should have been aware, of the warnings that accompanied the crane and the vibratory tool regarding overloading and the use of an LMI.

In connection with the first consideration, the Court noted that Weier and UCC had previously rented a crane from United that, like the crane at issue, was not equipped with a load limiting device. This conclusion was based upon an affidavit from Randy Dritz, a mechanic for United. Dritz stated that he was "familiar with and ha[d] worked on a Shuttle Lift crane, Model No. 3330B, Serial No. 13331094, as well as Shuttle Lift Model No. 5550RT, Serial No. 10580298," and that "[n]either of these cranes had a load moment indicator or a rated capacity limiter." (Dritz. Aff. ¶¶ 3, 4.) In addition, although not germane to the Court's conclusion that United had no duty, the Court noted that the crane that Weier and UCC had previously rented from United for an underwater project at the D.C. Cook facility in Southern Michigan, a 5550RT, had the same 15 ton lifting capacity as the IC-200 crane at issue in this case.

The Court's fourth consideration referenced warnings that accompanied the vibratory tool that Weier and UCC rented from H & M Vibro. The Court's finding that H & M provided such warnings was based upon an affidavit from Douglas Haverkamp, who stated that he told Mr. Shelton of UCC that he would enclose a parts manual and an instruction manual along with the vibratory tool. Haverkamp stated that "[b]efore the vibratory driver/extractor left Midwest Vibro's shop in Grandville, Michigan to be delivered to UCC in Ludington, Michigan, it would have included an H & M Vibro Instruction Sheet, a Parts Manual, and Warnings with the vibratory driver/extractor." (Haverkamp Aff. ¶ 8.)

Regarding Plaintiff's breach of implied warranty claim, the Court noted that Plaintiff was apparently not making a failure to warn claim because she did not present any argument in support

3

of such a claim. It noted that, in any event, such a claim would fail because United provided adequate warnings about operating the crane in an overloaded condition, H & M Vibro provided a specific warning stating that a load indicator should be used in connection with the vibratory tool, and, in any event, the danger would have been apparent to any user of the crane.

The Court denied Plaintiff's motion for reconsideration on February 12, 2007, and Plaintiff filed a notice of appeal on March 7, 2007. Plaintiff states in support of her motion that in late February 2007, her counsel deposed both Dritz and Haverkamp in a related case and learned in those depositions that the prior Dritz and Haverkamp affidavits upon which this Court relied "were factually inaccurate, made without personal knowledge, and, in Havercamp's (sic) case, based on hearsay." Plaintiff contends that the Court should grant her relief from the judgment because United never properly disclosed Dritz and Haverkamp as witnesses and it did not furnish the Dritz and Haverkamp affidavits to Plaintiff's counsel until it filed its summary judgment motion after discovery had closed. Plaintiff states that she could not have learned of the incorrect and misleading information in those affidavits until her counsel deposed them in the related case, after the Court had already entered judgment for United. Plaintiff asserts that the Court relied upon these inaccurate affidavits in concluding that: (1) Weier was not a one-time user of the crane subjecting United to a higher duty in accordance with Dr. Purswell's expert opinion; (2) United owed no duty to Weier because Weier was the expert with regard to the IC-200 crane; and (3) adequate warnings were supplied by H & M Vibro. Plaintiff also contends that contrary to the Court's conclusion, the evidence shows that the crane that Weier and UCC had rented from United on the prior occasion had a much larger capacity – 18 tons – than the IC-200 at issue in this case.

The Court would deny a Rule 60(b) motion for the following reasons:

4

1.      a.      The information that Plaintiff cites as inaccurate or being based upon hearsay would not have caused the Court to reach a different conclusion on summary judgment. In other words, it was not material to the Court's decision. Plaintiff asserts that Dritz's testimony in his deposition does not establish that the crane that Weier and UCC had previously rented did not have a load moment indicator. Even if that were true, that fact was not a necessary part of the Court's conclusion. The Court's point was that Weier was an experienced crane operator, as, per Plaintiff's own admission, Weier had extensive experience operating cranes in maritime construction projects and had worked on the Ludington project on many occasions in previous years. This fact demonstrated that Weier was not the theoretical one-time inexperienced crane renter envisioned by Dr. Purswell, and he should have been aware of the dangers of operating a crane in an overloaded condition. The Court did not say, as Plaintiff implies, that Weier had rented the crane at issue on previous occasions. Thus, if a load limiting device was necessary for this particular project, Weier and UCC were responsible for ensuring that one was used.

      b.      Regarding Haverkamp's affidavit, warnings from H & M Vibro support the Court's conclusion of no duty, but the lack of warnings by H & M Vibro would not the cause the Court to reach a different conclusion. As the Court noted, United furnished Weier a load capacity chart, a safety manual, and an operator's manual, which more than adequately satisfied any duty to warn that United might have had. Moreover, the Court noted in its opinion that Plaintiff apparently was not making a failure to warn claim and that even if she were, such a claim would fail

5

because the danger would have been apparent to any user of the crane.  Plaintiff did not take issue with any of this in her motion for reconsideration.

2. Plaintiff's characterization of Dritz's testimony is simply inaccurate.  His testimony was consistent with his affidavit.  Dritz stated that he worked on two Shuttle Lift cranes – Model No. 3330B, Serial No. 13331094, an 18 ton crane, and Model 5550RT, Serial No. 10580298, a 15 ton crane – and that neither crane had a load limiting device.  Dritz testified that he had serviced both of these cranes within the last two years.  (Dritz Dep. at 11.)  He testified that he was "almost positive" or as sure as he could be that neither crane had a load limiting device on them because "[b]oth machines were manufactured before ANSI required that you have the LMI's on the machines." (*Id.* at 15.)  He also confirmed that United "never had a Shuttlelift that had an LMI on it." (*Id.* at 17.)  Dritz's affidavit and deposition testimony that the cranes that Weier had previously rented did not have load limiting devices thus stands uncontradicted.  Incidentally, the Court notes that Plaintiff is simply wrong in asserting that the Court made a factual error when it stated that Weier had previously rented a 15 ton crane from United.  The exhibit that Plaintiff cites shows that on the previous DC Cook Power Plant job Weier and UCC had initially rented an 18 ton Shuttle Lift crane, Model 3330B, Serial No. 13331094, but had to exchange it for a 15 ton Shuttle Lift crane, Model 5550RT, Serial No. 10580298, when the 18 ton crane broke down on the job.  Weier used the 15 ton crane for at least another week after the exchange.   Thus, Weier previously rented a crane from United that had a maximum lifting capacity of 15 tons (note that these are the same cranes referenced

      in the Dritz affidavit and deposition).

3.     Plaintiff failed to act diligently regarding the Dritz and Haverkamp affidavits. Even if United did not disclose the affidavits to Plaintiff's counsel until after discovery had closed, Plaintiff had several options available, but she failed to take any action. For example, Plaintiff could have requested that the affidavits be stricken for failure to comply with discovery requirements. Plaintiff could have filed a motion for leave to depose these witnesses prior to responding to United's motion. Or, she could have requested that the Court reopen discovery on the issues raised by these affidavits had she believed that the issues they raised were relevant and material. Her failure to take any action demonstrates a lack of due diligence.

Therefore,

Pursuant to *Hirsch*, the Court advises that it would not be inclined to grant Plaintiff's Rule 60(b) motion.


Dated: September 4, 2007                                             /s/ Gordon J. Quist
                                                                       GORDON J. QUIST
                                                               UNITED STATES DISTRICT JUDGE